# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JOSH HARRIS**
**United States Army, Appellant**

ARMY 20120922

Headquarters, III Corps and Fort Hood (pretrial)
Headquarters, Fort Hood (post-trial)
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (advice and recommendation)
Colonel Richard W. Rousseau, Staff Judge Advocate (addendum)


For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Major Jaired D. Stallard, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Steven J. Collins, JA; Captain Carling M. Dunham, JA (on brief).


28 August 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to commit robbery, two specifications of robbery, one specification of forcible sodomy, one specification of assault, and one specification of kidnapping, in violation of Articles 81, 122, 125, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 922, 925, 928, 934 (2006). The military judge sentenced appellant to a dishonorable discharge, confinement for fifty-two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved nine years of confinement and the remainder of the sentence.

This case is before us for review pursuant to Article 66, UCMJ. Although not raised by the parties, we find that appellant improvidently entered a guilty plea to

kidnapping in violation of Article 134, UCMJ, under a Clause 1 theory of liability. We affirm that conviction solely on the basis of service-discrediting conduct under Clause 2. Additionally, appellant, in his sole assignment of error, asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. [1] We agree that relief is appropriate in this case and grant 30 days confinement credit.

## LAW AND DISCUSSION

### A. Appellant's Guilty Plea to Kidnapping under a Clause 1 Theory of Liability.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

Appellant pleaded guilty, among other offenses, to kidnapping and "said conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces," a violation of Clauses 1 and 2 of Article 134, UCMJ.[2] *See Manual for Courts–Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶¶ 60.c.(2), (3). As our superior court recently reiterated, "[t]he . . . clauses of Article 134 constitute '. . . distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)). It follows, then that "[v]iolation of one clause does not necessarily lead to a violation of the other . . . ." *Id.* More pertinent to the case before us, the court in *Fosler* went on to state that "disorders and neglects to the prejudice of good order and discipline" are not synonymous with "conduct of a nature to bring discredit upon the armed forces . . . ." *Id.* Thus, if a specification alleges both Clause 1 and 2, then there must be a substantial basis in fact in the record to support a finding of guilty as to both.

Here, the military judge properly defined prejudicial to good order and discipline as "conduct which causes a reasonably direct and obvious injury to good order and discipline." *See also MCM*, Part IV, ¶ 60.c.(2)(a). The stipulation of fact is silent as to how appellant's conduct violated either Clause 1 or Clause 2. When

---

[1] The matters personally submitted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982) are without merit.

[2] This offense constituted Specification 1 of Charge VI.

asked why his conduct violated Clause 1, appellant answered, "Because I know what I did was wrong." Immediately thereafter, the military judge replied, "I think probably here what would be most appropriate would be the 'discredit upon the armed forces.'" When asked why his conduct was service-discrediting, appellant responded that it could "make people afraid of [s]oldiers . . ." and might hurt the reputation of the service. The military judge found appellant guilty of kidnapping under both Clause 1 and Clause 2 theories of liability.

Given this providence inquiry and stipulation of fact, we find a substantial basis in fact to question the providence of appellant's guilty plea to kidnapping under a Clause 1 theory of liability. Appellant's statement "I know what I did was wrong" does not establish a reasonably direct and obvious injury to good order and discipline. On the other hand, the record establishes the providence of his guilty plea to kidnapping under a Clause 2 theory of liability, and we accordingly affirm his conviction on those grounds.

## B. Dilatory Post-Trial Processing

The convening authority took action 380 days after the sentence was adjudged. The record in this case consists of one volume, and the trial transcript is 113 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). It took 226 days to transcribe the record in this case. Appellant requested speedy post-trial processing, and the convening authority took action over six months later. Furthermore, it took nearly two months after action to mail the record to this court. While the government has explained the reasons for delay, we find that these reasons are unreasonable under the totality of circumstances.

## CONCLUSION

Upon consideration of the entire record, including the matters submitted pursuant to *Grostefon*, we affirm only so much of Specification 1 of Charge VI as follows:

> In that [appellant], U.S. Army, did, at or near Killeen,
> Texas, between on or about 3 August 2012 and 4 August

3

2012, willfully and wrongfully seize, confine, and hold Ms. [MM], a person not a minor, against her will, and that said conduct was of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the amended findings, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape or the gravamen of appellant's criminal conduct. Second, appellant pleaded guilty in a judge-alone court-martial. Ultimately, we are convinced that the military judge would have adjudged the same sentence had he only convicted appellant of kidnapping under a Clause 2 theory of criminality.

However, given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a dishonorable discharge, confinement for eight years and eleven months, total forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the findings and sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court